UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHAD CARTER** | **CASE NO. 2:23-CV-00655** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DHANANJAY SETT** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Attorney Sanjay Chaubey, apparently acting on behalf of defendant, has filed a procedurally improper "Notice of Petition for Transfer of Venue" in the United States District Court for the Southern District of New York, in which he attempted to "remove" this proceeding from one federal court to another. Doc. 6. The undersigned, construing the filing as a Motion to Transfer, ordered responses. Doc. 7. Plaintiff and defendant have both filed responses, arguing for the proper forum under the factors set forth under 28 U.S.C. § 1404(a).

**I.**
**B**ACKGROUND

This suit arises from a business arrangement between Chad Carter, a resident of Lake Charles, Louisiana, and Dhananjay Sett, a resident of Rego Park, New York, with a place of business in New York City. Doc. 1, ¶¶ 1–2. Carter alleges that the two entered into a verbal agreement in 2015, by which Carter delivered to Sett silver and gold valued at $800,168.38 and Sett then invested the same amount and purchased a large lot of jewelry "to be sold within one (1) year from the date of the purchase . . . and split the proceeds

equally." *Id.* at ¶ 7. Carter further alleges that defendant failed to perform his obligations and that the two met in Las Vegas in 2019 to discuss the matter. *Id.* at ¶¶ 9–10. On July 11, 2019, in Las Vegas, they executed a notarized written agreement in which they acknowledged their 2015 agreement and provided an extension of time, until December 31, 2019, for Sett to sell the lot of jewelry. *Id.* at ¶¶ 11–13. Carter alleges that Sett once again failed to perform, and he filed suit against him in this court on May 16, 2023, raising claims of breach of contract.

Sett filed a "Notice of Removal" in the United States District Court for the Southern District of New York, asserting that the matter should be transferred to that court based on the factors set forth in 28 U.S.C. § 1404(a). Doc. 6; *see Carter v. Sett*, No. 1:23-cv-4896, doc. 1 (S.D.N.Y.). To the extent he seeks transfer, the motion ought to have been filed in the transferor court and the undersigned has construed his filing as a request for same. Carter has filed a response, opposing transfer. Doc. 9.

## II.
## LAW & APPLICATION

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The court first determines whether the action could have been brought in the transferee district and then evaluates whether transfer is warranted based on "the convenience of the parties and witnesses." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). To this end the court evaluates both public and private interest factors. The private interest factors are (1) relative ease of access to sources of proof; (2)

availability of compulsory process to secure witnesses' attendance; (3) willing witnesses' cost of attendance; and (4) all other practical problems that stand in the way of an easy, expeditious, and inexpensive trial. *Id.* The public interest factors, meanwhile, include (1) administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with governing law; and (4) the avoidance of unnecessary conflict of law problems. *Id.* Finally, plaintiff's choice of forum should be given some consideration but is not dispositive. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

Assuming that the Southern District of New York would be a proper forum, the court cannot find that transfer is warranted. The convenience mainly relates to the parties themselves; one of them will have to travel a significant distance depending on the forum selected while the other will have the home court advantage. "Venue should not be transferred when the result would be to shift the expense and inconvenience from one party to another." *Mitchell v. McKibbon Hotel Grp., Inc.*, 2018 WL 1887295, at *2 (W.D. Tex. Feb. 22, 2018) (citing *Enserch Int'l Expl. v. Attock Oil Co.*, 656 F.Supp. 1162, 1167 n. 15 (N.D. Tex. 1987)). Defendant has identified no other witnesses or sources of proof in New York, other than the merchandise itself. Meanwhile, plaintiff has identified one additional witness (Stephen Dwight, who prepared the written contract) as residing in this state. Neither party has briefed which state's law would apply, or that any specialized issues would arise in this simple breach of contract matter. Finally, this court's docket is certainly congested at the moment with hurricane cases. Those matters are proceeding apace, however, under a streamlined settlement process and the court has been conducting

separate jury weeks for non-hurricane cases each month. Accordingly, defendant fails to show that he is entitled to a transfer of venue.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Transfer [doc. 6] be **DENIED**. **IT IS FURTHER ORDERED** that defense counsel obtain pro hac vice admission in this court and file responsive pleadings on behalf of defendant within **21 days** of this order.

**THUS DONE AND SIGNED** in Chambers on the 17th day of July, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**